**Opinion issued June 29, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00619-CV**

———————————

**IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, State Farm Mutual Automobile Insurance Company, filed a petition

for a writ of mandamus challenging an August 10, 2022 order "compelling three

State Farm depositions," which were, according to State Farm, "well beyond the

needs of that remaining disputes in this case."[1]

---

[1] The underlying case is *Willem Ghijsen v. State Farm Mutual Automobile Insurance Company*, Cause No. 20-DCV-278448, in the 458th District Court of Fort Bend County, Texas, the Honorable Chad Bridges presiding.

The August 10, 2022 order challenged by State Farm was signed by the Honorable Robert Rolnick. Judge Rolnick ceased to hold the office of judge of the 458th District Court of Fort Bend County and was succeeded by the Honorable Chad Bridges. Accordingly, on February 2, 2023, the Court entered an order substituting Judge Bridges as the respondent in this original proceeding. *See* TEX. R. APP. P. 7.2(a). The Court further abated this original proceeding for petition of writ of mandamus to allow Judge Bridges an opportunity to reconsider the ruling made the basis of State Farm's mandamus petition. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.").

On February 17, 2023, State Farm filed a letter with the Court. In its letter, State Farm notified the Court that the trial court held a hearing to allow Judge Bridges an opportunity to reconsider the August 10, 2022 order and "ordered the parties to mediation." On April 19, 2023, State Farm filed a letter with the Court stating that the parties attended mediation and "settled the disputes at issue in this original proceeding." Accordingly, State Farm's letter "ask[ed] the Court to dismiss" the original proceeding.

We construe State Farm's letter as a motion to dismiss the original proceeding for a petition for writ of mandamus. State Farm's motion does not include a certificate of conference, but more than ten days have passed since the motion was

2

filed, and no party has opposed the relief requested in the motion. *See* TEX. R. APP. P. 10.3(a)(2).

Accordingly, we reinstate the original proceeding for petition of writ of mandamus and grant State Farm's motion and dismiss the petition. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.